UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KEYES,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

       Case No. 1:04-CV-423
       Hon. Hugh W. Brenneman, Jr.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on November 7, 1949 and completed high school (AR 49, 433).[1] Plaintiff stated that he became disabled on September 25, 2000 (AR 49). Plaintiff had previous employment as a cable splicing technician (AR 66). Plaintiff identified his disabling condition as back surgery, back pain and numbness in legs (AR 65). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on November 4, 2003 (AR 14-24). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. *Id.* (citing 20 C.F.R. §§ 404.1520(b) and 416.920(b)(2000)). Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)(2000)). Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled. *Abbott*, 905 F.2d at 923.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff was not engaged in substantial gainful activity (AR 23). Second, the ALJ found that he suffered from severe impairments including lumbar degenerative disc disease, depression, chronic obstructive pulmonary disease, hiatal hernia, a history of an ulnar nerve transposition, and a history of a left knee arthroscopy (AR 16). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 23). The ALJ decided at the fourth step that plaintiff had the residual functional capacity:

> for light work with a sit/stand option with a maximum of 30 minutes in one position. He is unable to perform repetitive bending or stooping, and he is precluded from more than frequent use of the arms for overhead use. Additionally, he needs ready access to a bathroom.

(AR 23). The ALJ further concluded that plaintiff was unable to perform his past relevant work (AR 23).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of light work (AR 23). Specifically, the ALJ found that an individual with plaintiff's limitations could perform 12,000 jobs as a general clerk in Michigan (AR 22-23). The ALJ also found plaintiff's allegations regarding his limitations were not totally credible (AR 23). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 22-23).

### III. ANALYSIS

Plaintiff raises three issues on appeal.

**A.  The conclusion of the ALJ that work existed in the national economy accommodating plaintiff's residual functional capacity and vocational factors is  not supported by substantial evidence.**

Plaintiff contends that the ALJ misconstrued the vocational expert's testimony regarding the availability of work at the light exertional level. First, plaintiff contends that the vocational expert (VE) testified twice that he would have to look at the sedentary exertional level to find alternate work for plaintiff. Second, the VE testified that it would be a "stretch" for plaintiff to make a vocational adjustment to a general clerking position.  Third, a key portion of the VE's testimony is missing from the transcript and recorded as "[INAUDIBLE]."  Plaintiff's Brief at 7.

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments.  *Id.*   However, an ALJ may not rely on a VE's testimony if "the expert is unable to testify without qualification about the jobs a claimant can perform." *Sias v. Secretary of Health and Human Services*,  861 F.2d 475, 481 (6th Cir. 1988).

Here, the ALJ's hypothetical question posed to the VE assumed an individual who finished high school, was between 50 and 53 years of age, with the following limitations:

> limited to a light level, both as to lifting and time on feet.  We'll modify it in that he would need a sit/stand option, likely up to 30 minutes per position per time.   And he

>would be restricted from repetitive bending and stooping, would need ready access to a bathroom and would be -- have no more than likely than frequent use of the upper extremities for overhead work.

(AR 460-61).

In response to this hypothetical, the VE testified that plaintiff could not perform his past work as a cable splicer (AR 462-63). While cable splicing is normally light work, plaintiff's specific job was medium to heavy work (AR 462). The VE also testified that plaintiff could not perform his past work as defined in the DOT (which defined cable splicing as light work) because he required a "sit/stand option" and could not stand on his feet for more than 30 minutes at a time (AR 462-63). In determining whether plaintiff could perform other work, the VE initially considered plaintiff's restrictions as limiting him to sedentary work (AR 463-64). Upon further questioning, the VE clarified that plaintiff would be able to perform the general clerking positions at the light exertional level with the limitations as set forth by the ALJ (AR 463-64). However, the VE expressed reservation regarding plaintiff's ability to adapt to this type of work, testifying that plaintiff was "borderline as far as making the adaptation to [the general clerking positions] on a regular competitive sustained basis" due to his age (AR 464-65).

Furthermore, the answer to the final question posed to the VE regarding the adaptability issue, which gave the VE an opportunity to summarize his testimony, is partially inaudible:

>ATTY: When you say he's borderline in terms of --
>
>VE:    Um-hum.
>
>ATTY: --adaptability, I gather that what you're saying is that there would -- it would require a substantial amount of relearning for him to get into those jobs?

>    VE:   Yeah, I think it'd be a stretch because when you look at his work history as being 31 years out in the field doing those -- the kinds of jobs he did, and to switch that around into the office setting would be [INAUDIBLE].
>
>    ATTY: That's all.

(AR 465-66).

After reviewing the record in its entirety, the court concludes that the VE did not provide the court with unqualified testimony sufficient to support the ALJ's finding at the step five of the sequential evaluation. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).[2] On remand, the ALJ should re-evaluate plaintiff's ability to perform other work in the national economy as required by step five of the sequential evaluation.

>    **B.   The ALJ improperly discounted the opinion of plaintiff's primary care physician, Dr. James Lawrence, because the doctor's records do, in fact, show clinical findings supporting his medical opinion.**

Next, plaintiff contends that the ALJ rejected Dr. Lawrence's opinion that plaintiff was limited to sedentary work. Plaintiff's Brief at 9. Plaintiff is apparently referring to a statement from April 2000 in which Dr. Lawrence stated that plaintiff could re-enter the work force at a job which alternated between sitting and standing, lifting nothing over 10 to 12 pounds and allowing a rest period every two hours (AR 231). The ALJ rejected this opinion as unsupported by clinical or laboratory findings (AR 20).

---

[2] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

Plaintiff's claim of error is without merit. Even if the ALJ committed error in failing to adopt the restrictions set forth in Dr. Lawrence's April 2000 opinion, those restrictions did not limit plaintiff to sedentary work. Dr. Lawrence's restriction of lifting nothing over 10 to 12 pounds exceeds the exertional level for sedentary work which "involves lifting no more than 10 pounds at a time." 20 C.F.R. § 404.1567(a). This lifting restriction falls within the physical exertional level of light work, which is defined in pertinent part as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See, e.g., Bartyzel v. Commissioner of Social Security*, 74 Fed.Appx. 515, 523-24 (6th Cir. 2003) (ability to lift up to 12 pounds demonstrates an ability to perform a limited range of light work).

      **C.**      **The Appeals Council failed to consider the new and material evidence submitted by plaintiff on February 6, 2004, showing further evidence in support of the plaintiff's position and contrary evidence to the basis for the ALJ's conclusion that plaintiff retains a capacity for work.**

Finally, plaintiff contends that the Appeals Council committed error in reviewing the new and material evidence. The ALJ heard plaintiff's claim on September 16, 2003 and issued his decision on November 4, 2003 (AR 24, 424). On February 6, 2004, plaintiff's counsel submitted additional medical records to the Appeals Council which included a letter from Michael A. Nizzi, D.O., dated January 8, 2004; Dr. Lawrence's medical records from June 20, 2003 through January 13, 2004; EMG results from Richard D. Ball, M.D. dated January 23, 2004; and a "functional assessment" from the Munson Healthcare Outpatient Rehabilitation Services dated January 28, 2004. *See* attachments to plaintiff's Brief.

### 1. Appeal Council's denial

There is no basis for the court to review the Appeals Council's denial of plaintiff's request for review. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). "While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council." *Id.*

### 2. Sentence-six remand

In his reply brief, plaintiff requests a sentence-six remand to consider this new evidence. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding. The standard in determining whether to issue a sentence-six remand to consider new evidence is governed by statute. "The court . . . may at any time order the additional evidence to be taken before

the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g).

In the present case, however, plaintiff does not need to demonstrate either "good cause" or "materiality" requirement for a sentence-six remand. The court has determined that a sentence-four remand is appropriate in this matter. It is unnecessary for the court to issue a sentence-six remand, because the Commissioner may review additional evidence as part of the sentence-four remand. *See Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 175 (6th Cir. 1994) ("remands under both sentence four and sentence six of § 405(g) can involve the taking of additional evidence"). The medical records referenced in plaintiff's February 6th letter arise from the continued treatment of plaintiff's medical condition.[3] Accordingly, on remand, the Commissioner should consider these additional medical records in determining plaintiff's residual functional capacity.

## IV. CONCLUSION

The ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as set forth in this opinion. On remand, the ALJ should (1) consider the additional medical records referenced in counsel's February 6, 2004 letter in determining plaintiff's residual functional capacity and (2) re-evaluate plaintiff's ability to perform other work

---

[3] For example, the January 23, 2004 EMG study was abnormal and suggested that plaintiff "consider repeat surgical intervention."

in the national economy as required by step five of the sequential evaluation. A judgment order consistent with this opinion shall be issued forthwith.

Dated:  September 6, 2005            /s/ Hugh W. Brenneman, Jr.
                                                           Hugh W. Brenneman, Jr.
                                                           United States Magistrate Judge